United States District Court
Southern District of Texas
**ENTERED**
August 30, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal Action No. H-19-856 |
| | § | |
| ROBERT CENTRAIL TRUSSELL | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is defendant Robert Centrail Trussell's *pro se* motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) (Docket Entry No. 55), to which the Government has filed a response in opposition (Docket Entry No. 57).

Having considered the motion, the response, the record, and the applicable law, the Court **DENIES** the motion for the reasons shown below.

**I. BACKGROUND**

Defendant, a 43-year-old male at the time of sentencing, pleaded guilty before this Court to interference with commerce by robbery in violation of 18 U.S.C. § 1951(a), and was sentenced on December 8, 2022, to a 121-month term of imprisonment, followed by a three-year term of supervised release. The Bureau of Prisons currently reports defendant's anticipated release date as May 7, 2028.

Defendant argues he is entitled to a sentence reduction under Part A of Amendment 821, the amended United States Sentencing Guideline ("U.S.S.G.") § 4A1.1 regarding status points. The Government responds that the amended guideline provides defendant no basis for a sentence reduction.

## II. ANALYSIS

A. <u>Status Points</u>

Under amended U.S.S.G. § 4A1.1, status points are to be decreased by one point for individuals with seven or more criminal history points, and eliminated for those with six or fewer criminal history points.

In defendant's case, the PSR indicates that defendant's total offense level was 29 with a criminal history category of VI, resulting in a guideline range of 151–188 months. The Court sentenced defendant below the applicable guideline range, finding there was insufficient evidence to apply the five-level enhancement for brandishing or possessing a weapon pursuant to U.S.S.G. § 2B3.1(b)(2)(C). The Court noted, however, that it had no impact on the total offense level computations due to defendant's career offender determination. (Docket Entry No. 54, Statement of Reasons).

Defendant's total criminal history points before status points and other enhancements were added was calculated at 13, placing defendant at criminal history category VI, the highest level. Two status points were added because he was on parole for a robbery conviction when he committed the instant federal robbery crime, resulting in a criminal history score of 15. However, defendant's criminal history category remained VI, because he was determined to be a career offender on the basis of his previous violent criminal convictions. Thus, defendant's criminal history score was VI before any status points and enhancements were applied, and remained VI after the status points and enhancements were

added. It would remain VI if one status point were removed pursuant to the amended status point provision. Consequently, the new amendment does not apply because it would have no effect on defendant's criminal history category or sentencing guideline range.

Regardless, consideration of the applicable sentencing factors warrants against a sentence reduction in defendant's case.

B. Sentencing Factors

Section 1B1.10 requires the courts to consider the factors set forth in 18 U.S.C. § 3553(a) in determining whether a sentence reduction is warranted. Section 3553(a), which sets forth the factors to consider in imposing sentence, requires the Court to consider such factors as (1) the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) the need for the sentencing imposed (i) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (ii) to afford adequate deterrence to criminal conduct; and (iii) to protect the public from further crimes of the defendant. See 18 U.S.C. § 3553(a).

The record shows that defendant received one or more substantial reductions in his potential sentence at the sentencing hearing. The Court determined that the brandishing enhancement did not apply, despite defendant's career offender status, and imposed a sentence thirty months below the bottom guideline range. Defendant also benefitted from a favorable plea agreement in which the brandishing of a firearm during a crime of violence charge was dismissed.

The record also shows that defendant has a lengthy criminal history, having been convicted of seven prior criminal offenses from the age of 19 for drug offenses, driving while intoxicated, and three convictions for robbery or aggravated robbery of a retail or convenience store in addition to the instant robbery offense. In each robbery offense, defendant threatened the life of the store clerk and appeared to brandish a weapon, either holding something in his hand or exposing something in his waistband. In one instance, he told the store clerk, "If you scream I will kill you"; in another instance he told the clerk, "Be the f–ck quiet and hand over the money or die." At the time of his arrest in the instant case, defendant was on parole; thus, it is clear to the Court that he was unable to act in a law-abiding manner or cease his violent criminal behavior.

Without doubt, defendant presents a significant danger to the community. Reducing defendant's sentence would not promote respect for the law, provide just punishment, or afford adequate deterrence for future criminal acts.

### III. CONCLUSION

Defendant's motion for a sentence reduction (Docket Entry No. 55) is **DENIED**.

Signed at Houston, Texas, on this the 28th day of August, 2024.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE